SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
pklee@sheppardmullin.com
THOMAS R. PROCTOR, Cal. Bar No. 246919
tproctor@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:   619.234.3815

Attorneys for Defendant Allstate
Indemnity Company (erroneously sued as
Allstate Insurance Company)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE LEWIS,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLSTATE INSURANCE COMPANY; PAUL COHEN; ROBIN WISNER; STEVEN SCHIFTER; and Does 1 through 100, Inclusive,<br><br>            Defendants. | Case No. 2:15-cv-7526<br><br>**DEFENDANT ALLSTATE INDEMNITY COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441 (DIVERSITY JURISDICTION)** |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** under 28 U.S.C. §§ 1441(b) and 1446, defendant Allstate Indemnity Company (erroneously sued as Allstate Insurance Company) hereby removes the state court action described below from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California and submits the following statement of facts, which entitles it to removal:

## I. COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On December 23, 2014, plaintiff Anne Lewis filed a complaint in the Superior Court of California for the County of Los Angeles entitled *Anne Lewis v. Allstate Insurance Company; Paul Cohen; Robin Wisner; Steven Schifter; and Does 1 through 100, Inclusive,* Case No. BC566426 (the "Action),( **"Complaint,"** attached as **Exhibit A** to the concurrently filed declaration of Thomas R. Proctor).

2. The Complaint named as defendants (1) Allstate Insurance Company, (2) Paul Cohen, (3) Robin Wisner, (4) Steven Schifter, and (5) Does 1 through 100.

3. Allstate was served with the Complaint on June 18, 2015.

4. Allstate filed its answer to the Complaint on July 14, 2015 **("Answer," Proctor Dec. ¶ 3, Ex. B.)**

5. On September 2, 2015, plaintiff dismissed defendants Paul Cohen, Robin Wisner and Steven Schifter. **(Proctor Dec. ¶¶ 4-6, Exs. C – E.)**

6. Allstate's removal is timely because, as explained in further detail in paragraph 15 below, Allstate is removing the Action within 30 days of receipt of Plaintiff's written settlement demand, which establishes that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(b)(1).

7. Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly provide written notice of removal of this action to plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles.

8. The United States District Court for the Central District of California embraces Los Angeles, the county in which this Action is brought. Therefore, the Court is a proper venue for this Action pursuant to 28 U.S.C. §§ 84(c) and 1441(a).

## II. STATEMENT OF THE GROUNDS FOR REMOVAL

9. Allstate removes this case under 28 U.S.C. § 1441. Removal is proper because, as alleged in more detail below: (1) there is complete diversity between

SMRH:436628100.1

Allstate and Plaintiff; and (2) this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

### A. There is Complete Diversity Between Allstate and Plaintiff

10. Allstate is, and was at the commencement of the state court action, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois. Allstate does not have substantial predominance of its corporate activities in the State of California. Its corporate "nerve center," where the majority of its executive and administrative functions are performed, is in Northbrook, Illinois. Thus, Allstate is, and was at the commencement of the state court action and at the time of removal, a resident and citizen of the state of Illinois, as well as of the United States.

11. The named plaintiff, Anne Lewis, is and was at the commencement of the state court action and at the time of removal, a citizen of the County of Los Angeles, State of California, as well as of the United States. (**Complaint, ¶ 1.**) There is no indication that Plaintiff is or was a citizen of Illinois, the only fact that would destroy diversity of citizenship in this case.

12. Plaintiff dismissed defendants Cohen, Wisner, and Schifter from the Action on September 2, 2015 (**Proctor Dec. ¶¶ 4-6, Exs. C – E.**)

13. Plaintiff's naming of 100 fictitious "Doe" defendants without identifying their residence has no effect on the diversity analysis in this case. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992) (acknowledging that "Doe" defendants "shall be disregarded for jurisdictional purposes.") (citing Section 1441 (a)).

14. Disregarding dismissed defendants Cohen, Wisner, and Schifter, and all of the "Doe" defendants, the only defendant is Allstate. Thus, complete diversity

exists between Allstate and Plaintiff, meeting the diversity requirements of 28 U.S.C. § 1332(d).

### B. The Amount in Controversy Requirement Is Met

15. The face of the Complaint was silent as to the amount in controversy.

16. On September 1, 2015, Plaintiff made a written settlement demand in the amount of $288,000.00 **(Proctor Dec. ¶ 7, Exhibit F.)** This settlement demand is relevant evidence to establish that the amount in controversy exceeds $75,000. See, e.g., Babasa v. Lenscrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2007) ("settlement letter is relevant evidence of the amount in controversy"). The fact that the demand was made in the context of a proposed mediation does not make it inadmissible for the limited purpose of determining whether the amount in controversy requirement is met. See id. (determining mediation demand could be considered for removal purposes); Molina v. Lexmark Int'l, Inc., 2008 WL 4447678, at *12-13 (C.D. Cal. Sept. 30, 2008) ("[A]lthough the parties to a mediation generally have a duty to keep their discussions confidential, this duty does not prevent use of mediation discussions for the limited purpose of establishing the amount in controversy."). Accordingly, Plaintiff's demand establishes that this case exceeds the amount in controversy requirement.

17. In addition, the following damages sought by Plaintiff should also be included in determining whether the amount in controversy requirement has been met:

a. Emotional Distress. **(Complaint, ¶ 19, Prayer for Relief ¶ 3, Exhibit A.)** Emotional distress damages are included in determining the amount in controversy. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994); *Richmond v. Infinity Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995).

b. Punitive Damages. **(Complaint, ¶ 20, Prayer for Relief ¶ 4, Exhibit A.)** Punitive damages are included in determining whether the amount in

controversy requirement has been met.  *Green v. Party City Corporation*, 2002 U.S. Dist. Lexis 7750 (Cal. 2002); *Bell v. Preferred Life Society*, 320 U.S. 238, 240 (1943); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447 (S.D. Cal. 1995); *Physicians Health Plan v. Citizens Ins. Co.*, 673 F.Supp. 903, 910 (W.D. Mich. 1987); *Dembrowski v. Allstate Ins. Co.*, 1992 U.S. Dist. LEXIS 3282 (D. Pa. 1992).

      c.    <u>Attorneys' Fees</u>  (**Complaint ¶ 18, Prayer for Relief ¶ 2, Exhibit A**). A claim for attorneys' fees is included in determining the amount in controversy <u>Goldberg v. CPC Int'l, Inc.</u>, 678 F.2d 1365 (9th Cir. 1982).

      18.    Based upon the foregoing, this action is a civil action over which this court has original jurisdiction under the provisions of 28 U.S.C. Section 1332, and is one that may be removed to this court by Allstate under 28 U.S.C. Section 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

      19.    Copies of all other documents that have been filed in the state court action are attached to the accompanying declaration of Thomas R. Proctor as **Exhibit G**.

      **WHEREFORE**, Allstate prays that the state court action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this United States District Court for the Central District of California.

Dated:  September 25, 2015    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                    By          s/ Thomas R. Proctor
                                                  THOMAS R. PROCTOR

                                   Attorneys for Defendant Allstate Indemnity Company